## VIEIRA & COMPANY, PLAINTIFF AND APPELLANT, *v.* REYES, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

MOTION to dismiss the appeal.

No. 2179.—Decided February 19, 1920.

APPEAL—DELAY OF STENOGRAPHER—TRANSCRIPT OF RECORD—FAILURE TO PROSE-
CUTE.—Although Act No. 81 of 1919 provides that the delay of the stenog-
rapher in preparing the transcript of the evidence shall not cause a dismissal
of the appeal, nevertheless, when neither the stenographer nor the appellant
moves for further extension of time this is not a delay on the part of the
stenographer, but a failure to prosecute on the part of the appellant and
the case falls within the principles laid down in *Mercado et al.* v. *Succession
of Ferreiro,* 26 P. R. R. 433.

ID.—ID.—ID.—BURDEN OF PROOF—WEIGHT OF EVIDENCE.—When the appellee
moves for a dismissal of the appeal for failure to file it within the time
allowed by law, the burden is on the appellant to show that the delay, if
any, was due to the stenographer in preparing the transcript or to the clerk
in forwarding the record to the Supreme Court.

The facts are stated in the opinion.

*Mr. M. Moraza* for the appellee.

*Mr. J. Martínez Dávila* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion for the dismissal of an appeal. The judgment was rendered on July 12, 1919. An appeal was noted on July 18 of the same year. The appellants, exer-cising the privilege afforded them by Act No. 27 of No-vember 27, 1917 (2 Acts 1917, page 274), asked that the court order the stenographer to prepare his transcript as set out in the said act. On July 22, 1919, the court so ordered and fixed twenty days for such preparation. On August 11, fol-lowing, the time was extended twenty days at the instance of the stenographer. From that time until the filing of the motion to dismiss on January 30, 1920, nothing was done in the case either by the appellant or the stenographer.

The appellee himself called attention to the fact that Act No. 81 of June 26, 1919 (Acts 1919, page 674), provides that

the delay of the stenographer shall not cause a dismissal. However, when neither the appellant nor the stenographer makes any application to the court for further extension of time, this failure is not a delay on the part of the stenographer, but a failure to prosecute on the part of the appellant. While the stenographer has a right to ask for a further extension of time, the appellant has no right to rely on his doing so. In the case before us, what happened was that the appellants, in the eye of the law, as the stenographer was necessarily their agent, failed to prepare a statement of the case within the time allowed by the law and the court. Act No. 81 must necessarily be understood to mean that no dismissal can take place when, if operating within the time that the court below has allowed the appellant or the stenographer for such preparation, the preparation of the statement is not finished. A mere delay within the period conceded by the court cannot operate against the appellant, is what the law means. If the appellant, then, fails to have his time extended, the case falls within the principle enunciated in *Mercado et al. v. Succession of Ferreiro,* 26 P. R. R. 433.

Furthermore, we feel bound to hold that on a motion of this kind, when the appellee moves for a dismissal the burden is on the appellant to show that the delay, if any, was due to the stenographer.

Act No. 81 also says that no delay on the part of the clerk in forwarding the record to this court shall be prejudicial to the appeal. Not only should it be apparent that the delay was legally chargeable to the clerk, but the said Act No. 81 shows that it becomes the duty of the clerk to transmit the record to this court only when he has a complete record before him. No duty devolves upon him to send the record in any other case.

The rule that the appellant must prosecute the appeal is exceedingly important; and it must be considered that the

Legislature did not wish entirely to relieve the appellant of such a duty.

Therefore, in this case, when no transcript of the record was prepared in time and no duty devolved upon the clerk to transmit such record to this court, the failure to bring the transcript to the Supreme Court is chargeable to the appellant, and the appellee, under section 303 of the Code of Civil Procedure and the rules of this court, as previously established, is entitled to a dismissal.

*Appeal dismissed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.